**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

RAMAN KUMAR                                    CASE NO.  3:26-CV-00560 SEC P

VERSUS                                         JUDGE JAMES D. CAIN, JR.

KRISTI NOEM ET AL                              MAGISTRATE JUDGE CAROL B. WHITEHURST

## MEMORANDUM ORDER

Before the Court is "Petitioner's Notice of Motion for a Temporary Restraining Order" (Doc. 13) wherein Petitioner moves for a temporary restraining order pending adjudication of his Petition for Writ of Habeas Corpus. Petitioner requests that the Court order Respondents to release him from custody, cease any ongoing actions and refrain from taking any additional actions toward effectuating Petitioner's removal from the United States.

## BACKGROUND

Petitioner is a native of India.  In this habeas proceeding, he challenges his unlawful detention by ICE while his appeal before the Board of Immigration Appeals is pending. Petitioner entered the United States without inspection on or about October 23, 2023.[1] Shortly thereafter, he was detained by the U.S. Customs and Border Protection ("CBP") and issued a Notice to Appear, which placed Petitioner in regular removal proceedings. He was then released on an order of recognizance and subsequently submitted an application

---

[1] Memorandum of Law in support of Temporary Restraining Order, p. 2, Doc. 13-1.

for Asylum, Withholding of Removal under INA § 241(b)(3), and protection under CAT with the Executive Office for Immigration Review ("EOIR").[2]

On November 19, 2025, Petitioner was detained and on December 19, 2025, his application for Asylum, Withholding of Removal under INA § 241(b)(3) was denied. Petitioner appealed that decision, which is still pending.

## LAW AND ANALYSIS

A party seeking a temporary restraining order or preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A)    Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[2] *Id.*

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Petitioner before the adverse party can be heard in opposition.

Additionally, the very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Here, the bare allegations Petitioner has raised are insufficient to show a likelihood of success on the merits, and to the extent Petitioner seeks to impede the removal process, the Court considers this to be a shortcut around the habeas process.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that the Petitioner's Notice of Motion for a Temporary Restraining Order (Doc. 13) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 29th day of June, 2026.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE